In re WELCH.

(District Court, S. D. New York. April 24, 1901.)

1. FIXTURES—LANDLORD AND TENANT—MACHINERY PLACED ON LEASED PREMISES.

Where ground was leased as a site for a factory building, which was subject to the right of removal by the tenant at the end of the term, machinery placed in such building by the tenant does not become a part of the realty.

2. SAME—MORTGAGOR AND MORTGAGEE.

Under the laws of New York, a mortgage of a factory built by a lessee on leased ground carries with it, as fixtures, all machinery which is firmly attached to the building, and which is necessary to its character and use as a factory, but not portable articles or machines not attached to the building, nor belting which may be removed without disturbing the building, or the machinery or shafting attached to it.

In Bankruptcy.

George E. Weller and Arthur Knox, for mortgagee.

W. H. Janes, for trustee.

BROWN, District Judge. During 1895, 1896 and 1897, three leases were made to the bankrupt, all expiring in May, 1903, of a plot of land in 138th street, this city, upon which the bankrupt designed to build a factory building for the manufacture of wooden mouldings, trim and other kinds of interior woodwork. An engine, boiler, machinery, shafting, belting and many other articles were furnished, and the building completed and thereafter used as a factory by the bankrupt until the petition in involuntary proceedings was filed against the bankrupt in June, 1900. The building was built and equipped in July, 1897, and on the 17th of the same month, the bankrupt executed a mortgage to J. Sergeant Cram for $6,500, covering the lease and all his interest therein, and the appurtenances and the building thereon. Nothing was said in the mortgage as respects the machinery, the fixtures or the business. The trustee in bankruptcy having been unable after long effort to find any purchaser of the lease or of the bankrupt's equity in the building, dispossession proceedings were allowed and taken, and the question is now presented to what extent the machinery, fixtures and other implements pertaining to the business are bound by the mortgage, and what if any are free from the mortgage and removable by the trustee in bankruptcy.

1. I am of the opinion that none of the machinery became a part of the freehold or the realty, for the reason that by the terms of the lease the building itself was not intended to become such, since the building was subject to the tenant's right of removal at the end of the term.

2. The mortgage, however, expressly covers the building, and whatever as between mortgagor and mortgagee is to be deemed part of the building, is, therefore, subject to the mortgage.

Under the law of this state I think that all machinery and other articles which are firmly affixed to the building and which were so affixed to it as to constitute a part of its design and a part of its

character as a building having respect to its intended and actual use, must be deemed a part of the building. McRea v. Bank, 66 N. Y. 489; Insurance Co. v. Allison (C. C. A.; Feb. 27, 1901) 107 Fed. 179. This building was built, designed and used as a factory. The machinery was put in it as a part of the construction and for use as a factory, and the building was evidently mortgaged as a factory, and I think the mortgagee, therefore, is entitled to whatever is firmly affixed to the building. This includes engine, boiler, machinery or shafting firmly secured to the building by cement, bolts or screws, and other articles of this nature. It does not include portable articles whether machines, implements, tables or what not, that are in no way affixed or secured to the building; nor should it include I think, such articles as belting, which may be removed from machinery by unloosening without in any way disturbing the building, or anything affixed to the building.

I find in the testimony considerable difference between the two experts as to a number of articles, whether they are affixed to the building or not. I think what has been said above will enable the parties to distinguish most, if not all of the articles which I deem covered by the mortgage, and those not covered. Should there be any remaining articles upon which the parties cannot agree, I think an expert should be appointed as agreed upon by both parties, under whose personal inspection the separation of the remaining articles may be made according to the rule above laid down. If this should not be sufficient, further application may be made to the court.